USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2355

 JOAN OLIVERI,

 Plaintiff, Appellant,

 v.

 PAUL A. GARGANO,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge. 
 
 
 
 
 Joan Oliveri on brief pro se.
 Nancy L. Hall and Gargano & Associates, P.C. on brief for
appellee.

September 27, 1999

 
 

 Per Curiam. Pro se appellant Joan Oliveri filed a
 civil action in the district court, claiming that her
 employment had been terminated in violation of the Americans
 with Disabilities Act, 42 U.S.C. 12101 et seq. She appeals
 from the court's grant of judgment as a matter of law in favor
 of appellee Paul A. Gargano. We affirm for the following
 reasons.
 The district court granted judgment for the defendant
 after a bench trial at which Oliveri testified and submitted
 documents into evidence. On the basis of her testimony and the
 documentary evidence, the court concluded that she had filed
 her administrative claim against Gargano & Associates, P.C., a
 professional corporation, as her employer. Ruling that the
 distinction between Gargano, the individual, and the
 professional corporation bearing his name applied even in the
 employment discrimination context, the court concluded that
 Oliveri could not bring the instant suit against Gargano
 because she had not filed her administrative charge against
 him. In so doing, the court adhered to the general rule that
 plaintiffs asserting employment discrimination claims in a
 civil action must previously have pursued an administrative
 charge against the defendant named in the lawsuit. See Virgo
 v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1358-59 (11th Cir.
 1994) (stating the general rule). 
 On appeal, the appellant presents a single, very
 narrow claim. She contends that she filed her administrative
 charge against Gargano individually, but that, without her
 knowledge, the investigating agency processed it as a charge
 against the corporation. Significantly, she does not try to
 show that, on the record before it, the court's contrary
 factual finding that she named only the law firm was clearly
 erroneous, and the trial record provides an adequate basis for
 that finding. Nor does she challenge the validity of the
 court's legal rulings, effectively waiving her right to
 appellate review. See Whyte v. Connecticut Mutual Life Ins.
 Co., 818 F.2d 1005, 1011 n.20 (1st Cir. 1987) (indicating that
 an appellate court will not address issues not raised by the
 parties except in instances where a gross miscarriage of
 justice would result).
 As for her contention that she filed administrative
 charges against Gargano, this appears to be a new claim which
 was not argued to the district court. For supporting evidence
 Oliveri relies on a complaint intake form which she filled out
 before filing her administrative complaint and before bringing
 the instant suit. She did not submit the form to the district
 court at trial or in any post-trial motion to amend or alter
 judgment, although she knew of its existence. According to
 established principles, this court will not review matters not
 previously presented to the district court. See United States
 v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. 1993) ("It is a
 bedrock principle in this circuit that issues must be squarely
 raised in the district court if they are to be preserved for
 appeal.") (citations omitted). Under the circumstances, we
 affirm the judgment below.
 Affirmed.